By the Court, Cowen, J.
I do not see why the ac etiam “ on promises” is not sufficient, as comprehending a promise to marry. This is one of the cases excepted by the non-imprisonment act, (1 R. S. 808, 2d ed. § 2,) and therefore stands on the old law of bail. By that, “ no person shall be held to bail on a capias ad respondendum, unless the true cause of action be particularly expressed therein.” (2 id. 270, § 7.) This, however, calls for no more than the old forms of ac etiam; and I am not aware that the one in question) which was the usual form in assumpsit, has ever been held to come short of sufficiently expressing a promise to marry. The statute might be so construed as to require the whole substance of the declara *203 tion; but under the like statute which existed previously, the only way to give it any practicable effect was found to be, by allowing á short intimation, such as may be found in- our books of practice. (Vid. 1 Sell. Pr. Introd. 35. 1 R. L. of 1813, 424, § 14.) Then, as now, an order was necessary to warrant the holding to bail, where the promise intended by the ac etiam was of marriage. The motion is granted; but without costs.
Rule accordingly.